IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. CLAUDIO NOBERTO GUAMAN-ALVARADO,<br>   *Petitioner*,<br> v.<br>MR. JOSEPH FREDEN,<br> in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>   *Respondent.* | Civil Action No. 25-cv-475<br><br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**<br><br>*Oral Argument Requested* |

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...........................................................................................................3

**THE PARTIES**..........................................................................................................................................5

**CUSTODY** ................................................................................................................................................5

**JURISDICTION & VENUE** ...................................................................................................................6

    I.    SUBJECT MATTER JURISDICTION ............................................................................... 6

    II.    PERSONAL JURISDICTION............................................................................................ 6

    III.    VENUE ................................................................................................................................ 6

**ARGUMENT**.............................................................................................................................................7

    I.    DHS APPEARS TO BE SEEKING TO REMOVE MR. GUAMAN-ALVARADO USING A STATUTORY AUTHORITY IT DOES NOT CURRENTLY POSSESS...................... 7

    II.    8 U.S.C. § 1252 *PROVIDES* THE COURT JURISDICTION IN THIS CASE ................ 7

**CLAIMS FOR RELIEF** ..........................................................................................................................8

**COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. GUAMAN-ALVARADO WHEN IT HAS NO LEGAL AUTHORITY TO DO SO**.....................................................................................................8

**COUNT 2: SUBSTANTIVE AND PROCEDURAL DUE PROCESS REQUIRES A STAY OF REMOVAL UNTIL THE GOVERNMENT PROVES IT HAS PROVIDED MR. GUAMAN-ALVARADO WITH THE PROCEDURAL RIGHTS HE IS DUE UNDER THE STATUTE AND REGULATIONS**.................................................................................................9

**PRAYER FOR RELIEF**..........................................................................................................................9

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**...................................................................................................................................10

## PRELIMINARY STATEMENT

1.   Petitioner Mr. Claudio Noberto Guaman-Alvarado ("Mr. Guaman-Alvarado") was placed into removal proceedings under 8 U.S.C. § 1229a in 2023. See, Exh 1, Notice to Appear Dated Aug 27, 2023 ("NTA"). He was released from immigration custody in 2023 and has been at his liberty since, complying with all conditions imposed upon him.

2.   Yesterday afternoon, on June 3, 2025, Mr. Guaman-Alvarado duly attended Buffalo Immigration Court, as scheduled, to continue his pending claim for asylum, as he is lawfully entitled to do.

3.   At the hearing, attorneys for the Department of Homeland Security ("DHS", or "Government"), unilaterally moved to "dismiss" his removal proceedings and requested a ruling at the hearing. This was in flagrant violation of the applicable Immigration Court rules. EOIR Immigration Court Practice Manual Rule 3.1(b)(1)(A) ("Unrepresented, non-detained aliens - For master calendar hearings involving unrepresented non-detained aliens, **filings must be submitted at least fifteen (15) days in advance of the master calendar hearing if requesting a ruling at or prior to the hearing**." (emphasis added)).

4.   Rather than explaining the situation and giving Mr. Guaman-Alvarado - who was *pro se* and speaks no English - an opportunity to respond, the Immigration Judge granted dismissal, over Mr. Guaman-Alvarado's attempts to object, in flagrant disregard of (1) the applicable rules, (2) binding administrative caselaw and (3) any semblance of constitutional due process. EOIR Immigration Court Practice Manual Rule 3.1(b)(1)(A) ("When a filing is submitted at least fifteen days prior to a master calendar hearing, the response must be submitted within ten (10) days after the original filing with the immigration court."); *Matter of G-N-C-*, 22 I&N Dec. 281, 284 (BIA 1998) ("We conclude that a Service motion to terminate proceedings must be adjudicated on the record and pursuant to the regulations, as would any other motion presented to the Immigration

Judge or this Board. **To the extent that these proceedings were terminated without considering arguments from both sides, the Immigration Judge erred. […]** The Service's motion to terminate proceedings does not appear to have been served on the respondent, so he did not even have an opportunity to respond. *See Matter of Gibson*, 16 I&N Dec. 58 (BIA 1976) (stating that in order to ensure fair and complete consideration of the proceedings before this Board, copies of all submissions filed in connection therewith must be served on opposing parties); see also 8 C.F.R. § 3.2(g)(1) (1998). " (emphasis added)).

5.  Mr. Guaman-Alvarado has now filed an appeal of the unlawful dismissal order, as is his right. See, Exh 2, EOIR Automated Case Information (showing appeal of the dismissal order was due by July 3, 2025) and Exh 3, Notice of Appeal (showing his appeal was docketed with the Board of Immigration Appeals this morning, June 4, 2025).

6.  Mr. Guaman-Alvarado does not file this petition to seek this Court's intervention in his removal proceedings: he has filed an appeal against the dismissal order and will pursue those in the ordinary course of proceedings. He instead files it because he has reason to believe the Government will attempt to detain and unlawfully deport him in the meantime - i.e. *not* pursuant to, or in pursuit of any technically lawful order of removal. Expedited removal proceedings pursuant to 8 U.S.C. § 1225(b) are mutually exclusive to removal proceedings before EOIR pursuant to 8 U.S.C. § 1229a - meaning **until and unless the latter is completed, the Government has no authority to remove him.** *Matter of S-O-G- & F-D-B-*, 27 I&N Dec. 462, 465 (A.G. 2018) ("Once jurisdiction vests, however, the statutory power to supervise immigration proceedings resides with the Attorney General. See INA § 103(a)(1), (g), 8 U.S.C. § 1103(a)(1), (g).")

7. Mr. Guaman-Alvarado seeks a stay of his physical removal from the United States until such time as his removal proceedings are concluded (i.e. when the Board of Immigration Appeals issues a decision on the merits of his case). This court is statutorily empowered to consider this petition as part of its determination as to whether he has (or can be) ordered removed by DHS - as opposed to EOIR - in the first place.

## THE PARTIES

8. Petitioner Mr. Claudio Noberto GUAMAN-ALVARADO, ("Mr. Guaman-Alvarado") is detained in the custody of ICE. As of the filing of this petition, he is being held at the Buffalo Federal Detention Facility, Batavia, New York. His custody and the governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

9. Respondent Joseph Freden is the Buffalo, NY Deputy Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. Respondent Freden's office is at either the Buffalo Federal Detention Facility, Batavia New York, or 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 - both within this judicial district. He may alternatively be considered to be Petitioner's immediate custodian.

## CUSTODY

10. Petitioner is in the physical custody of Respondent and U.S. Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility ("BFDF") at 4250 Federal Drive, Batavia, New York 14020.  The Deportation Officer responsible for his case is stationed at BFDF. The Petitioner is under the direct care, custody and control of Respondents and their agents.

**JURISDICTION & VENUE**

I. <u>SUBJECT MATTER JURISDICTION</u>

11. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

12. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. <u>PERSONAL JURISDICTION</u>

13. This Court has personal jurisdiction over Mr. Guaman-Alvarado's immediate custodian (who is physically within the district).

III. <u>VENUE</u>

14. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky* venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. 410 U.S. 484, 493-500 (1973). Petitioner is being detained at the Buffalo Federal Detention Facility, which is under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

**ARGUMENT**

I. DHS APPEARS TO BE SEEKING TO REMOVE MR. GUAMAN-ALVARADO USING A STATUTORY AUTHORITY IT DOES NOT CURRENTLY POSSESS

Mr. Guaman-Alvarado is in removal proceedings pursuant to 8 U.S.C. § 1229b. He will continue to be in removal proceedings until such time as the Board of Immigration Appeals adjudicates his *pending* appeal. Until that time, DHS has no authority to issue an expedited order of removal and no other lawful power to remove him. This does not implicate any of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 which habeas courts must usually grapple with (when, for example, petitioners claim that execution of a technically valid order of removal would violate the constitution in some way). Mr. Guaman-Alvarado's claim is that, to the extent DHS purports to have any authority to remove him, such authority is void *ab initio*.

II. 8 U.S.C. § 1252 **PROVIDES** THE COURT JURISDICTION IN THIS CASE

15. The Government has a right to execute **final orders of removal**, and district courts may be stripped of jurisdiction to consider such enforcement. *See e.g. De Oliveira Jimenez v. Searls*, No. 22-CV-960 (JLS), 2023 WL 11156340 (W.D.N.Y. Feb. 28, 2023)(discussing 8 U.S.C. § 1252(g)).

16. But a related statutory section explicitly **grants** statutory authority for this Court to review (1) "whether the petitioner was ordered removed under" the expedited removal statute [1] (Mr. Guaman-Alvarado cannot have lawfully been so ordered if DHS did not comply with its requirements) and (2) whether he is "entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.", *id.,* (relating to requests for asylum -

---

[1] 8 U.S.C. § 1252(e)(2)(B)

which, as explained above, he had a <u>pending</u> asylum application under consideration before the Buffalo Immigration Court, before DHS' actions prevented him from pursuing it).

17. As a result, the jurisdiction-stripping provisions do not bar Mr. Guaman-Alvarado's petition. Even if they do, as stated above, Mr. Guaman-Alvarado has a right to habeas relief under the Suspension Clause - **notwithstanding** these statutory provisions, because he seeks relief in its ancient form: to be brought before the court and have the legality of his detention tested. *See generally*, *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020). It is immaterial whether the government may be able to detain him under *some other* authority in the future: what matters is the Government must state with particularity the basis upon which they purport to hold him, and prove it is lawful.

## CLAIMS FOR RELIEF

### COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. GUAMAN-ALVARADO WHEN IT HAS NO LEGAL AUTHORITY TO DO SO

18. Mr. Guaman-Alvarado re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

19. Mr. Guaman-Alvarado remains in removal proceedings and may not be legally removed until those proceedings have been completed. The Government must be prevented from unlawfully detaining and removing him. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

**COUNT 2: SUBSTANTIVE AND PROCEDURAL DUE PROCESS REQUIRES A STAY OF REMOVAL UNTIL THE GOVERNMENT PROVES IT HAS PROVIDED MR. GUAMAN-ALVARADO WITH THE PROCEDURAL RIGHTS HE IS DUE UNDER THE STATUTE AND REGULATIONS**

20.     Mr. Guaman-Alvarado re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

21.     Deporting Mr. Guaman-Alvarado under an invalid order of removal - i.e. in violation of the statutory rights bestowed upon him by congress - violates his substantive and procedural due process rights. A stay of removal will ensure that he is able to access the process he is due. Jurisdiction to consider this question is provided by 8 U.S.C. § 1252(e)(2) and the Court has power to restrain his movement out of the district pursuant to the All Writs Act.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1)   Assume jurisdiction over this matter;

(2)   Prevent the Petitioner's removal outside of this judicial district;

(3)   Issue a temporary stay of Petitioner's removal until this action is decided;

(4)   Grant the Writ of Habeas Corpus and;

(5)   Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law

Dated:  June 4, 2025                             /s/ Daniel E. Jackson
                                                 Daniel E. Jackson
                                                 *(Currently) Pro Bono Attorney for Petitioner*
                                                 1669 Indian Falls Road,
                                                 Corfu NY 14036
                                                 Email: dejackson@outlook.com
                                                 Tel: 617-372-2909

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have discussed with the Petitioner's immigration representative, Halinka Zolcik the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: June 4, 2025                     /s/ Daniel E. Jackson

                                                                                     Daniel E. Jackson
*(Currently) Pro Bono Attorney for Petitioner*
1669 Indian Falls Road,
Corfu NY 14036
Email: dejackson@outlook.com
Tel: 617-372-2909



**DEPARTMENT OF HOMELAND SECURITY**
**NOTICE TO APPEAR**

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 387245564
FINS #: 1344337588
DOB: 06/06/1966
File No: A245 149 059
Event No: BRF2308000538

In the Matter of:
Respondent: CLAUDIO NORBERTO GUAMAN-ALVARADO                    currently residing at:

468 2ND AVE # 1 ALBANY, NEW YORK, 12209-1921            +1 (518)-269-7023
(Number, street, city, state and ZIP code)              (Area code and phone number)

☐ You are an arriving alien.
☒ You are an alien present in the United States who has not been admitted or paroled.
☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States.
2. You are a native of ECUADOR and a citizen of ECUADOR.
3. You arrived in the United States at or near OTAY MESA, CA, on or about August 24, 2023.
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8CFR 208.30   ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

130 DELAWARE AVENUE, SUITE 300 BUFFALO NY 14202
(Complete Address of Immigration Court, including Room Number, if any)

on  July 15, 2024  at  01:00 PM  to show why you should not be removed from the United States based on the
    (Date)              (Time)

charge(s) set forth above.    (A) WATCH COMMANDER

MICHAEL J BELL
Date: 2023.08.27 09:54:06 -07:00
0390802752.CBP
(Signature and Title of Issuing Officer) (Sign in ink)

Date: August 27, 2023

SAN DIEGO, CALIFORNIA
(City and State)

DHS Form I-862 (2/20)                                                   Page 1 of 3



An official website of the United States government
Here's how you know



EOIR | Automated Case Information

**Court Closures Today**  June 4, 2025

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home  >  **GUAMAN-ALVARADO, CLAUDIO NORBERTO (245-149-059)**



# Automated Case Information

## Name: GUAMAN-ALVARADO, CLAUDIO NORBERTO │ A-Number: 245-149-059 │ Docket Date: 9/12/2023

 **Next Hearing Information**

*There are no future hearings for this case.*

 **Court Decision and Motion Information**

The immigration judge ordered **DISMISSAL**.

**DECISION DATE**

June 3, 2025

**COURT ADDRESS**

130 DELAWARE AVENUE, SUITE 300

BUFFALO, NY 14202

 ## BIA Case Information

An appeal is due by July 3, 2025.

 ## Court Contact Information

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**

130 DELAWARE AVENUE, SUITE 300

BUFFALO, NY 14202

**PHONE NUMBER**

(716) 551-3442

Archive

Accessibility

Information Quality

Privacy Policy

Legal Policies & Disclaimers

Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees

EOIR Freedom of Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov

Immigration Court Online Resource

Contact Technical Support

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

Department of Justice | Executive Office for Immigration Review
*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*



EOIR | Automated Case Information

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):
245-149-059 Guaman Alvarado, Claudio N

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am  [✔] the Respondent/Applicant    [ ] DHS-ICE *(Mark only one box.)*

**3.** I am  [✔] DETAINED    [ ] NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at  Buffalo Immigration Court Buffalo NY _____ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

[✔] I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated June 3 2025 _____ .

[ ] I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?  [ ] Yes.  [ ] No.)

[ ] I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated _____ .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

245-149-059 Guaman Alvarado, Claudio N

The Immigration Judge ("IJ") erred in granting The Department of Homeland Security's ("DHS") motion to dismiss although Respondent had an I-589 Application for Asylum, Withholding and CAT pending. The IJ did not properly and thoroughly explain to Respondent what dismissal meant and Respondent was not given the opportunity to meaningfully respond to the motion to dismiss. Respondent has the right to present his application for asylum, withholding and CAT, particularly in light of the fact that his application was filed within one year of his entry into the United States. Dismissal was not the appropriate mechanism in this case, as Respondent was unable to exercise his statutory right to seek asylum. Although DHS may choose to issue an expedited removal order or place a non-citizen in removal proceedings, they cannot do both: once jurisdiction is vested with an immigration judge, the statutory power to supervise immigration proceedings resides with the Attorney General. Matter of S-O-G- & F-D-B-, 27 I&N Dec. 462, 465 (A.G. 2018). Respondent reserves the right to raise additional issues upon review of the Record of Proceedings.

*(Attach additional sheets if necessary)*

**!  WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals?    ☐ Yes   ☑ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☑ Yes   ☐ No

**!  WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9. **Sign Here** → X _____/s/_____    6/4/2025
Signature of Person Appealing
*(or attorney or representative)*    Date

Form EOIR-26
Revised Sept. 2019

Page 2 of 3

**10.** **Mailing Address of Respondent(s)/Applicant(s)**

Claudio Guaman Alvarado
(Name)

4250 Federal Drive
(Street Address)

_____
(Apartment or Room Number)

Batavia NY 14020
(City, State, Zip Code)

_____
(Telephone Number)

**11.** **Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

Halinka Zolcik
(Name)

41 State St Ste M112
(Street Address)

_____
(Suite or Room Number)

Albany NY 12207
(City, State, Zip Code)

720 697 8327
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.** **PROOF OF SERVICE (You Must Complete This)**

I HalinkaZolcik _____ mailed or delivered a copy of this Notice of Appeal
        (Name)

on 6/4/2025 _____ to DHS, OPLA _____
        (Date)                    (Opposing Party)

at 250 DELAWARE AVE SUITE 773 BUFFALO NY 14202
            (Number and Street, City, State, Zip Code)

**SIGN HERE** ➡ X _____
                        Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

- ☐ Read all of the General Instructions
- ☐ Provided all of the requested information
- ☐ Completed this form in English
- ☐ Provided a certified English translation for all non-English attachments
- ☐ Signed the form

- ☐ Served a copy of this form and all attachments on the opposing party
- ☐ Completed and signed the Proof of Service
- ☐ Attached the required fee or Fee Waiver Request
- ☐ If represented by attorney or representative, attach a completed and signed EOIR-27

Page 3 of 3

Form EOIR-26
Revised Sept. 2019



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

## Payment Receipt

A payment has been processed for the following Board of Immigration Appeals (BIA) case. Please contact the BIA Clerk's Office for questions regarding this payment at (703) 605-1007.

You must include a copy of this receipt in the appeal or motion package you are filing with the BIA Clerk's Office. Failure to include a receipt showing proof of payment will result in rejection of the appeal or motion.

**A-Number:**    245-149-059

**Payment Tracking ID:**  27OLH9N5

**Payment Processed On:**  6/4/2025 9:53:52 AM EST

**Filing Type:**  Appeal (Form EOIR-26)

**Payment Type:**  PLASTIC_CARD

**Payment Amount:**  $110.00

Save or print your receipt immediately. You will not receive a copy of your receipt via email. The tracking ID is required to retrieve a duplicate receipt.

Official Website of the Department of Homeland Security



Report

# Search Results: 1

**CLAUDIO NORBERTO GUAMAN-ALVARADO**

**Country of Birth :** Ecuador

**A-Number:** 245149059

**Status :** In ICE Custody

**State:** NY

**Current Detention Facility**: BUFFALO FEDERAL DETENTION FACILITY

*\* Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

## Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

### External Links

Privacy - Terms

Bureau of Prisons Inmate Locator



[DHS.gov](#)[USA.gov](#)[OIG](#)[OpenFOIA](#)[Metrics](#) [No Fear Act](#) [Site Map](#) [Site Policies & Plug-Ins](#)